UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKASZ RUDKOWSKI,<br><br>     Plaintiff,<br><br>- against -<br><br>FOX NEWS NETWORK, LLC,<br><br>     Defendant. | 17 Civ. 4160 (KBF)(JLC)<br><br>**ORAL ARGUMENT**<br>**REQUESTED** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

                **MINTZ & GOLD LLP**
                Steven G. Mintz
                Terence W. McCormick
                600 Third Avenue
                25th Floor
                New York, N.Y. 10016
                Tel:  (212) 696-4848
                *mintz@mintzandgold.com*
                *mccormick@mintzandgold.com*

                Attorneys for Defendant
                Fox News Network, LLC

# **TABLE OF CONTENTS**                                                Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

PRELIMINARY STATEMENT ..................................................................................... 1

FACTS ............................................................................................................................. 3

ARGUMENT ................................................................................................................... 5

    I.    UNDER SECTION 411(a) OF THE COPYRIGHT ACT THE MERE FILING OF AN APPLICATION FOR COPYRIGHT REGISTRATION IS NOT ENOUGH TO SATISFY THE ABSOLUTE STATUTORY PRECONDITION OF COPYRIGHT REGISTRATION PRIOR TO FILING AN ACTION ................................. 5

    II.    RUDKOWSKI FAILS TO STATE A PLAUSIBLE CLAIM UNDER SECTION 1202(b) OF THE DMCA ............................................ 10

CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

A Star Grp., Inc. v. Manitoba Hydro,
    621 F. App'x 681 (2d Cir. 2015) ................................................................................. 7

Accurate Grading Quality Assurance, Inc. v. Thorpe,
    No. 12 Civ. 1343 (ALC), 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ............... 7, 9

Agence France Presse v. Morel,
    769 F. Supp. 2d 295 (S.D.N.Y. 2011) ........................................................................ 13

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .................................................................................................. 11

BanxCorp v. Costco Wholesale Corp.,
    723 F. Supp. 2d 596 (S.D.N.Y. 2010) ........................................................................ 13

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................ 3, 10, 13

BWP Media USA Inc. v. Hollywood Fan Sites, LLC,
    69 F. Supp. 3d 342 (S.D.N.Y. 2014) ........................................................................... 6

Chevrestt v. Am. Media, Inc.,
    204 F. Supp. 3d 629 (S.D.N.Y. 2016) .................................................................. 7, 13

Christians of California, Inc. v. Clive Christian N.Y., LLP,
    No. 13 Civ. 0275 (KBF)(JCF), 2014 WL 2465273 (S.D.N.Y. May 30, 2014) .......... 9

Gattoni v. Tibi, LLC,
    No. 16 Civ. 7527 (RWS), 2017 WL 2313882 (S.D.N.Y. May 25, 2017) ............ 1, 10

International Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.,
    64 F. Supp. 3d 494 (S.D.N.Y. 2014) ....................................................................... 6-7

Merideth v. Chicago Tribune Co., LLC,
    No. 12 C 7961, 2014 WL 87518 (N.D. Ill. Jan 9, 2014) ..................................... 2, 12

Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.,
    No. 09 Civ. 2669 (LAP), 2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) ................... 9

Psihoyos v. John Wiley & Sons, Inc.,
　　No. 11 Civ. 1416 (JSR), 2011 WL 4916299 (S.D.N.Y. Oct. 14, 2011),
　　aff'd, 748 F.3d 120 (2d Cir. 2014) ............................................................................... 7, 9

Reed Elsevier, Inc. v. Muchnick,
　　559 U.S. 154 (2010) ............................................................................................................ 6

Rudkowski v. Mic Network, Inc.,
　　No. 1:17-cv-03647 (DAB) ................................................................................................. 8

Zuma Press, Inc. v. Getty Images
　　No. 16 Civ. 6110 (AKH), 2017 WL 2829517 (S.D.N.Y. June 29, 2017) ........ 1, 9, 10

**Statutes**

17 U.S.C. § 107 ............................................................................................................................ 4

17 U.S.C. § 1202(b) ........................................................................................... 2, 10, 12, 13, 14

17 U.S.C. § 408(f)(3) ................................................................................................................... 6

17 U.S.C. § 411(a) ............................................................................................................. *passim*

Pub. L. No. 109-9, 119 Stat. 218 .............................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1

**Regulations**

37 C.F.R. 202.16 (2017) ............................................................................................................. 6

## INTRODUCTION

Defendant Fox News Network, LLC ("Fox News") respectfully submits this memorandum of law in support of its motion pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the Complaint ("Compl.") of Plaintiff Lukasz Rudkowski ("Rudkowski" or "Plaintiff").

## PRELIMINARY STATEMENT

Rudkowski's cause of action for copyright infringement must be dismissed because he filed this lawsuit after applying for copyright registration but before receiving a certificate of registration from the Copyright Office. Under section 411(a) of the Copyright Act, completed registration of a copyright is an absolute statutory precondition to suit and constitutes an indispensable element of a cause of action for copyright infringement. As Judge Hellerstein observed just over a month ago (in another action brought by Rudkowski's counsel), "courts in this district are virtually unanimous" in holding that the mere pendency of a copyright application is insufficient to satisfy section 411's registration requirement. Zuma Press, Inc. v. Getty Images 16 Civ. 6110 (AKH), 2017 WL 2829517, at *4 (S.D.N.Y. June 29, 2017) (collecting cases). So did Judge Sweet of this Court just one month before in Gattoni v. Tibi, LLC, No. 16 Civ. 7527 (RWS), 2017 WL 2313882, at *3 (S.D.N.Y. May 25, 2017).

Although Rudkowski cleverly suggests that his copyright is already "registered," (Compl. ¶ 1), the rest of his pleading tells a very different story. According to the Complaint, as of the date that Rudkowski filed this action, "the

Video has a *pending* U.S. Copyright Office application number of 1-4965903365" (Compl. ¶ 10) (emphasis supplied). See also Complaint at Exhibit B (with the word "*-APPLICATION-*" appearing below the field "Registration Number"). Rudkowski alleges that "[t]he fee has been paid and the work was deposited with the US Copyright Office." (Compl. ¶ 11). Rudkowski does not allege that the Copyright Office has granted a certificate of registration, just that it is *pending*.

Rudkowski simply jumped the gun and filed this action prematurely. Significantly, Rudkowski's counsel did not even bother to send a cease and desist letter to Fox News or demand payment of a retroactive license, but chose instead to file a copyright claim in this Court. Accordingly, his claim must be dismissed.

Rudkowski's second claim, brought under section 1202(b) of the Digital Millennium Copyright Act ("DMCA") should be dismissed for the separate reason that he has not plausibly alleged the required element of intent. Section 1202(b) required Rudkowski to allege that (1) the Video came into Fox News's possession with the Copyright Management Information ("CMI")[1] still attached (and that Fox News removed it), or (2) that Fox News acquired a copy of the Video *without* the CMI, but knowing that it had been removed. See Merideth v. Chicago Tribune Co., LLC, No. 12 C 7961, 2014 WL 87518, at * 3-4 (N.D. Ill. Jan 9, 2014). But

---

[1]   Under section 1202(c) of the DMCA, CMI includes (among other things), the title and other information identifying the work, including the information set forth on a notice of copyright; the name of, and other identifying information about, the author and/or copyright owner of a work; and the terms and conditions for use of the work.

2

the Complaint makes only a perfunctory recital of Fox News's alleged knowledge and intent, mostly upon "information and belief," supplying only a "formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, for the reasons that follow, the Complaint must be dismissed in its entirety.

## FACTS

Rudkowski is a professional photojournalist and videojournalist in the business of licensing his videos online and to print media and television stations for a fee.  Rudkowski is the founder of "WeAreChange," an independent media organization that covers global protests, riots, and civil unrest.  (Compl. ¶ 5).

Fox News is the owner of Fox News Channel, a national 24/7 cable news network engaged in the business, among other things, of creating, producing, and distributing television news programming.  As part of its news reporting function, Fox News owns and operates a website at the URL: www.Video.FoxNews.com (the "Website").  (Compl. ¶ 6).

On April 15, 2017, Rudkowski alleges that he videoed protestors in Berkeley, California (the "Video").  (Compl. ¶ 7).  Rudkowski then alleges that he uploaded the Video to his YouTube account WeAreChange.[2]  The Video, which Rudkowski filed as Exhibit A to his Complaint, contains a "WeAreChange" logo,

---

[2]     The Complaint alleges that the Video is present and accessible on YouTube at https://www.youtube.com/watch?v=c8GVtXfATtI.  (Compl. ¶ 8).  However, as of the date of this motion, another video now occupies that web address.

3

which appears briefly after about 30 seconds and then momentarily reappears at the end.  (See Exhibit A to the Complaint, which is filed as Exhibit 1 to the accompanying Declaration of Steven G. Mintz, Esq.).

Rudkowski alleges that he is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.  (Compl. ¶ 9).  Although Rudkowski alleges that his copyright is already "registered," (Compl. ¶ 1), the balance of his pleading contradicts that.  According to the Complaint, as of the date that Rudkowski filed this action, "the Video has a pending U.S. Copyright Office application number of 1-4965903365" (Compl. ¶ 10) (emphasis supplied).  See also Complaint at Exhibit B (with the word "*-APPLICATION-*" appearing below the field "Registration Number").  Rudkowski alleges that "[t]he fee has been paid and the work was deposited with the US Copyright Office."  (Compl. ¶ 11).  Rudkowski conspicuously does not allege that the Copyright Office has granted him a certificate of registration, and refers only to his pending application.

According to the Complaint, during its cablecast of Fox & Friends, Fox News publicly displayed the Video in a segment concerning the Berkeley campus protest and posted the segment on the Fox News Website.  (Compl. ¶ 12).[3]

---

[3] Although Fox News does not move to dismiss the Complaint on fair use grounds (at this time), it is noteworthy that, even accepting as true the allegation that Fox News used a portion of Rudkowski's video within the segment, only a fraction of the video appeared, and then only for the approved statutory purpose of presenting news reporting. 17 U.S.C. § 107.  In the unlikely event that the instant motion is denied and the action

4

Rudkowski filed a copy of the Fox News segment as it allegedly appeared on the Website and during the Fox & Friends cablecast as <u>Exhibit C</u> to his Complaint. Plaintiff alleges that Fox News did not have permission or consent to publish the Video on its Website or on Fox & Friends.

In connection with his second cause of action, brought under the DMCA, the Complaint alleges, mainly upon information and belief, that Fox News "intentionally and knowingly removed and altered copyright management information identifying Plaintiff as the Videographer of the Video." (Compl. ¶ 24). The Complaint does not allege facts substantiating this accusation.

## ARGUMENT

I. **UNDER SECTION 411(a) OF THE COPYRIGHT ACT THE MERE FILING OF AN APPLICATION FOR COPYRIGHT REGISTRATION IS NOT ENOUGH TO SATISFY THE ABSOLUTE STATUTORY PRECONDITION OF COPYRIGHT REGISTRATION PRIOR TO FILING AN ACTION.**

Section 411(a) of the Copyright Act provides, in pertinent part:

Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), *__no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title__*. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.…

17 U.S.C. § 411(a) (emphasis supplied).

---

proceeds, for the avoidance of doubt Fox News will *vigorously* press the statutory fair use defense.

Thus, section 411(a) sets up three possible avenues by which to meet the statutory precondition to filing suit: (1) "preregistration," which involves a separate statutory mechanism not relevant here,[4] (2) a completed copyright registration, or (3) an actual rejection by the Copyright Office of the attempted registration in which the plaintiff has delivered the required deposit, application, and fee. Plaintiff relies upon the second of these choices, *i.e.,* registration. But no certificate of registration has apparently been issued.

While the Supreme Court held in Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010), that failure to register is not a *jurisdictional* defect, cases in this Circuit continue overwhelmingly to hold after Reed Elsevier that a copyright registration is still required as an element of a claim for copyright infringement, and that a merely pending application will not suffice. See BWP Media USA Inc. v. Hollywood Fan Sites, LLC, 69 F. Supp. 3d 342, 353 n. 6 (S.D.N.Y. 2014) ("Courts in this district generally hold that a copyright registration is required, and that a pending application will not do") (collecting cases): International Diamond

---

[4] Preregistration was added to the statute in 2005 when President Bush signed the Family Entertainment and Copyright Act ("FECA"), Pub. L. No. 109-9, 119 Stat. 218. Title I of FECA is the Artist's Rights and Theft Prevention Act of 2005, or "ART Act," which provides for preregistration of works that have not yet been published and that are being prepared for commercial distribution. The "preregistration" procedure is not the same thing as filing an application for copyright registration, which must be filed within three months after first publication of the preregistered work. 17 U.S.C. § 408(f)(3). Inasmuch as Plaintiff's video was uploaded to YouTube on the same day that he filmed it, it was not "unpublished," and therefore the preregistration procedure set forth in 37 C.F.R. 202.16 (2017) would not have been available to him. In any event, Plaintiff does not even allege preregistration in his Complaint, relying solely upon his (defective) allegation that he had "registered" the copyright (Compl. ¶ 1).

6

Imps., Inc. v. Oriental Gemco (N.Y.), Inc., 64 F. Supp. 3d 494, 516-17 & n. 146 (S.D.N.Y. 2014) (noting "the consensus among courts in the Second Circuit clearly favors the registration approach" and "agree[ing] that an application is not sufficient") (collecting cases).  See also Accurate Grading Quality Assurance, Inc. v. Thorpe, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("While not a strictly jurisdictional requirement, section ... 411(a) nonetheless requires copyright registration as a precondition to ... copyright claims").  But see Chevrestt v. Am. Media, Inc., No. 204 F. Supp. 3d 629, 631 (S.D.N.Y. 2016).[5]

Although Plaintiff's Complaint alleges that the Video is "registered" (Compl. ¶ 1), the Complaint reveals elsewhere that "[t]he Video has a pending U.S. Copyright Office application number of 1-4965903365," and that "[t]he fee has been paid and the work was deposited with the US Copyright Office." (Compl. ¶¶ 10-11).  In other words, Plaintiff's work has not actually been registered yet.  Rather, an application is pending, which may or may not be granted by the Copyright Office.  And Exhibit B to the Complaint unmistakably shows an "Application," rather than a certificate of registration, for the Video, thereby betraying a fatal defect in Plaintiff's Complaint.

---

[5] While noting a split in authority outside this Circuit, to date the Second Circuit has refrained from resolving the issue.  See A Star Grp., Inc. v. Manitoba Hydro, 621 F. App'x 681, 683 (2d Cir. 2015); Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014).  Absent direction from the Second Circuit, the near unanimous view of District Judges within this Circuit adopts the registration approach, and rejects the "application approach," upon which Plaintiff tacitly relies.

Any doubt on this point is immediately dispelled when one considers Plaintiff's opposition to a motion to dismiss a similar complaint in the action in this Court captioned Rudkowski v. Mic Network, Inc., 1:17-cv-03647 (DAB).  In that case, which concerns the same copyrighted work,[6] the defendant has moved to dismiss a similar complaint by Mr. Rudkowski.  In the Mic Network case, Plaintiff's counsel used identical verbal acrobatics, obscuring the failure to comply with the registration requirement before filing suit.  In opposition to Mic Network's motion, Plaintiff's counsel filed a memorandum dated June 29, 2017, breezily dismissing section 411(a)'s absolute precondition to suit as "a technical requirement of registration."  In his memorandum, Plaintiff weakly argued there that "the infringed works have been *substantially in compliance* with Section 411(a) of the Copyright Act."  See Plaintiff's Memorandum of Law in Opposition, 1:17-cv-03647 (DAB), ECF Doc. No. 13, dated June 29, 2017, at Part III (emphasis added).  No doubt he will do so in opposition to Fox News's motion as well.  But there can be no question that Rudkowski's application for copyright registration for the Berkeley protest video has not been granted, and no certificate of registration had been issued as of the date he hastily filed this action.

---

[6] The Mic Network complaint, similar to the instant Complaint, reveals that the subject work, "was registered with the U.S. Copyright Office and were [sic] given ***pending*** Copyright Registration Number 1-4965903365," *i.e.,* the same registration number alleged in this action (emphasis added).

8

Plaintiff cannot ground his copyright claims upon "substantial compliance" with the registration requirement.  Quite the contrary: as noted above, there is an "overwhelming" consensus among the District Courts in the Southern District of New York that a pending "application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection by the Copyright Office." See Christians of California, Inc. v. Clive Christian N.Y., LLP, 13 Civ. 0275 (KBF) (JCF), 2014 WL 2465273, at *4 & n.1 (S.D.N.Y. May 30, 2014) (citing cases), on reconsideration, 2014 WL 3605526 (S.D.N.Y. July 18, 2014).

As Judge Hellerstein held less than two months ago in Zuma Press, Inc. v. Getty Images (another case brought by Plaintiff's counsel):

> Indeed, courts in this district are virtually unanimous on this point. See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co., 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("A pending application does not suffice."); Accurate Grading Quality Assur., Inc. v. Thorpe, 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("[*M*]*ere application is legally insufficient* as '[c]ourts in this Circuit ... require[ ] that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration prior to filing a civil claim.' ") (quoting Muench Photography, 2012 WL 1021535, at *5); Psihoyos v. John Wiley & Sons, Inc., 2011 WL 4916299, at *2 (S.D.N.Y. Oct. 14, 2011) ("The *mere pendency of an application is, however, insufficient* to satisfy section 411's registration requirement, which the Supreme Court has determined to be an absolute 'precondition' to suit. Accordingly, as other judges of this Court have noted, plaintiff's application argument is entirely without support in law.") (internal quotation marks omitted).

16 Civ. 6110 (AKH), 2017 WL 2829517, at *4 (S.D.N.Y. June 29, 2017).

Thus, in Zuma Press, the District Court similarly rejected copyright claims in which the plaintiffs had jumped the gun, filing a lawsuit before acquiring a

9

proper copyright registration.  Judge Sweet of this Court similarly ruled the same way just one month before in Gattoni v. Tibi, LLC, No. 16 Civ. 7527 (RWS), 2017 WL 2313882, at *3 (S.D.N.Y. May 25, 2017)—yet another case brought by Plaintiff's counsel, also based upon the near-universally rejected "application approach."  As in Zuma Press and Gattoni, the copyright claim must be dismissed.

## II.   RUDKOWSKI FAILS TO STATE A PLAUSIBLE CLAIM UNDER SECTION 1202(b) OF THE DMCA

Rudkowski has failed adequately to plead his claim for violation of the prohibition against removing or altering Copyright Management Information ("CMI") under the DMCA, 17 U.S.C. § 1202(b).  To succeed on this claim, a plaintiff must plead and prove facts establishing the mental state required under section 1202(b).

Here, the somewhat standard form Complaint that Plaintiff's counsel seems to recycle makes a purely perfunctory recital of Fox News's alleged knowledge and intent, supplying only a "formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Complaint merely states:

> 24.   *Upon information and belief,* Fox intentionally and knowingly removed and altered copyright management information identifying Plaintiff as the Videographer of the Video.
>
>    * * * * *
>
> 26.   *Upon information and belief,* Fox's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

> 27. *Upon information and belief,* the falsification, alteration and/or removal of said copyright management information was made by Fox intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video. Fox also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video.

(emphasis supplied). But allegations of intent cannot be satisfied merely by parroting the statutory language. See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

Although the Complaint asserts elsewhere that "Fox copied the Video from Plaintiff's YouTube page and cropped out the WeAreChange Logo and added Twitter/@Huitz Warrior" (Compl. ¶ 23), this allegation inevitably leads to a fact that Plaintiff omits from his pleading, *i.e.,* that the Video was available on the Twitter user @Huitz Warrior's Twitter feed. The only plausible inference is that Fox News (or some intermediate media source) had given the customary pre-broadcast attribution to the *Twitter user* who had separately uploaded the Video into his Twitter feed. Critically, the Twitter user's version of the video does not contain the Plaintiff's logo or other CMI, and no allegation is made that Fox News was on notice that @Huitz Warrior was not the owner (or had removed the CMI). See https://twitter.com/huitz_warrior/status/853433506390654976?lang=en. True

11

copies of the @Huitz Warrior's Twitter page and his Twitter version of the Video are also attached to the Mintz Declaration at <u>Exhibit 2</u>.

This is an important defect in the pleading. Plaintiff's DMCA claim arises under section 1202(b) of the Digital Millennium Copyright Act (<u>see</u> Compl. ¶ 25), which requires Plaintiff to show either that (1) the Video came into Fox News's possession with the CMI still attached (and that Fox News removed it), or (2) that Fox News acquired a copy of the Video *without* the CMI, but **<u>knowing</u>** that it had been removed.[7] "Something other than speculation" must support such a claim. <u>See</u> <u>Merideth v. Chicago Tribune Co., LLC</u>, No. 12 C 7961, 2014 WL 87518, at *3-4 (N.D. Ill. Jan 9, 2014). Plaintiff's allegations regarding Fox News's intent, made purely upon information and belief, are insufficient to move the claim from

---

[7]   Section 1202(b) of the Act provides as follows:

"Removal or alteration of copyright management information.--No person shall, without the authority of the copyright owner or the law—

(1) <u>intentionally</u> remove or alter any copyright management information,

(2) distribute or import for distribution copyright management information <u>knowing</u> that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, <u>knowing</u> that copyright management information has been removed or altered without authority of the copyright owner or the law,

<u>knowing</u>, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title" (emphasis added).

the merely conceivable to the plausible.  See Chevrestt v. Am. Media, Inc., 204 F. Supp. 3d 629 (S.D.N.Y. 2016).

Chevrestt is directly on point, and dismissed a section 1202(b) claim where the complaint relied solely upon information and belief, and lacked non-speculative allegations, such as facts showing that defendant was confronted with or otherwise made aware of its allegedly infringing action.  See Chevrestt, 204 F. Supp. 3d at 632 ("[the Complaint] contains no factual allegations supporting those conclusions *(speculations?)*, such as showing that American was confronted or otherwise made aware of its allegedly infringing action") (emphasis added).[8] Indeed, Rudkowski never sent a "cease and desist" letter or requested a retroactive license.  Instead, he just filed the instant action in this Court (without waiting for a valid copyright registration).  The Complaint otherwise supplies no plausible allegation that Fox News knowingly and intentionally altered or removed CMI, other than the unsupported speculation that Fox News downloaded the Video from YouTube.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Accordingly, the Complaint must be dismissed.

---

[8] The Chevrestt court also cited BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010) (DMCA claim sustained where plaintiff alleged "continued breach after Defendants were confronted with evidence of their allegedly infringing conduct") and Agence France Presse v. Morel, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011) (counterclaim-plaintiff alleged that counterclaim-defendant and its affiliates "contacted him about his photos, copied them without his permission, and distributed them with altered CMI").

13

## **CONCLUSION**

For all the foregoing reasons, the Complaint fails to state a plausible cause of action for copyright infringement or for violation of section 1202(b) of the DMCA, and the Complaint should therefore be dismissed.

Dated:   New York, New York
         August 7, 2017

**MINTZ & GOLD LLP**

/s/  Steven G. Mintz
Steven G. Mintz
Terence W. McCormick
600 Third Avenue
25th Floor
New York, New York 10016
Tel:   (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

Attorneys for Defendant
Fox News Network, LLC

To:   **LIEBOWITZ LAW FIRM, PLLC**
      Richard P. Liebowitz, Esq.
      11 Sunrise Plaza
      Suite 301
      Valley Stream, NY 11580
      Tel: (516) 233-1660
      RL@LiebowitzLawFirm.com

      Attorneys for Plaintiff
      Lukasz Rudkowski