UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKASZ RUKOWSKI,

                         Plaintiff,

- against -

FOX NEWS NETWORK, LLC

                         Defendant.

Docket No. 17-cv-4160

JURY TRIAL DEMANDED

ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3

**RELIEF SOUGHT**

Pursuant to Local Civil Rule 6.3, Plaintiff Lukasz Rudowski ("Plaintiff"), via counsel, hereby submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated August 9, 2017, which dismissed this civil action without prejudice on grounds that the U.S. Copyright Office had not yet issued a certificate of copyright registration for the works at issue.

Because Plaintiff is now in receipt of the official copyright registration, and because Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure entitles Plaintiff to cure any defects in the initial pleading on or before August 28, 2017, Plaintiff respectfully requests that the Court grant this motion and direct the Clerk of Court to restore the docket to the calendar so as to permit the case to proceed on the merits.

**LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

As more fully detailed below, Plaintiffs' motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 satisfies the applicable standards.

## BACKGROUND

- On April 24, 2017, Plaintiff filed a copyright application with the U.S. Copyright Office for the video work at issue in this litigation.

- On June 3, 2017, Plaintiff filed the initial complaint [Dkt #1].

- On August 7, 2017, Defendant filed its motion to dismiss under Rule 12(b)(6) on grounds that Plaintiff's copyright application remained pending. [Dkt #s: 12-15]

- On August 9, 2017, Plaintiff informed the Court via ECF Letter that the copyright application alleged in the initial complaint remained pending with the U.S. Copyright Office but that the application had been expedited. [Dkt #. 19] Plaintiff also indicated that an amended pleading would be filed as a matter of course to update the registration number. *Id*.

- On August 9, 2017, the Court dismissed the action without prejudice "for failure to have obtained a registration before suit. Plaintiff may refile the action if/when a registration is obtained." [Dkt. # 20]

- On or about August 11, 2017, Plaintiff received a valid copyright registration from the U.S. Copyright Office for the work at issue. *See* Liebowitz Declaration, ¶ 3, Ex. A. The effective date of the copyright registration, April 24, 2017, precedes the date upon which this action was initiated on June 3, 2017. *Id.* Further, the registration was obtained before the time expires under Rule 15(a)(1)(B) for Plaintiff to amend the initial pleading as a matter of course.

## ARGUMENT

### POINT I

**THE DISTRICT COURT OVERLOOKED THE U.S. SUPREME COURT HOLDING WHICH ALLOWS DISTRICT COURTS TO EXERCISE JURISDICTION OVER PENDING COPYRIGHT APPLICATIONS**

Prior to filing this lawsuit, Plaintiff applied for a copyright of the video at issue. As of August 9, 2017, when the Court ordered this case dismissed, the Copyright Office had not yet accepted or rejected Plaintiff's application. In dismissing the case, the Court followed the "registration approach" adopted by several courts within this district but may have overlooked the U.S. Supreme Court holding which permits district courts to exercise jurisdiction over Plaintiff's claim while the copyright application remains pending.

Since the U.S. Supreme Court's ruling in in *In re Literary Works in Electronic Databases Copyright Litig.*, 509 F.3d 116, 121 (2d Cir. 2007), *rev'd sub nom. Reed Elsevier*, 559 U.S. at 166, 130 S.Ct. 1237, "registration is an element of an infringement claim, rather than a jurisdictional bar." *Gattoni v. Tibi, LLC*, No. 16-cv-7527 (RWS), 2017 WL 2313882, *2 (S.D.N.Y. May 25, 2017) (citation omitted); *see also K–Beech, Inc. v. Does 1–29*, No. 11-cv-3331 (JTB) (ETB), 2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2011) ("While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim.").

The Supreme Court did not answer the question of whether district courts should dismiss infringement actions when the relevant work is not registered. *Reed Elsevier* at 171, 130 S.Ct. 1237 ("We ... decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that ... district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works.").

However, in *Chevrestt v. American Media, Inc.*, 204 F.Supp.3d 629, 631 (2016), Judge Stanton summarized the current state of the law on the "application" vs. "registration approach" and explained the fundamental problem with the "registration approach":

> While some courts hold that the statute requires the application be approved or denied before a plaintiff can maintain an infringement claim, e.g., *Muench*

*Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co.*, 09 Civ. 2669 (LAP), 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("A pending application does not suffice"), others disagree, e.g., *Well–Made Toy Manufacturing Corp. v. Goffa International Corp.*, 210 F.Supp.2d 147, 157 (E.D.N.Y.2002) ("Actual certification by the Copyright Office is not necessary. A copyright holder may commence an action for infringement as soon as the Copyright Office has received a proper application, fee and deposit."), aff'd sub nom. *Well-Made Toy Manufacturing Corp. v. Goffa International Corp.*, 354 F.3d 112 (2d Cir.2003). The latest Second Circuit pronouncement in the area, *A Star Group, Inc. v. Manitoba Hydro*, 621 Fed.Appx. 681, 683 (2d Cir. 2015), stated "Our Court has not yet determined, however, whether a merely pending application for registration satisfies the Act's requirement that a work be registered before a related infringement suit is filed." *See also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014) (holding, without resolving the intracircuit split, that under either view applications filed after court proceedings are too late).

**It is hard to see what public, private, or statutory interest is served or harmed by requiring him to wait, and refile his action after his application is approved or denied, when he has already done everything he can to obtain that result**. As stated in 2 Nimmer on Copyright § 7.16[B][3][b][ii], at 7170.2 to 7171: "Given that the claimant who has submitted an application that has yet to be acted upon at that juncture has done all that she can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats her application, it makes little sense to create a period of 'legal limbo' in which suit is barred."

204 F.Supp.3d at 631 (boldface added).

Here, because the Court retains jurisdiction over Plaintiff's copyright infringement claim while the application is pending; because Plaintiff now holds a valid registration from the U.S. Copyright Office; and because an amendment to the pleading "as a matter of course" will enable Plaintiff to state the elements of a copyright infringement claim, the Court should grant this motion and restore the case to calendar.

### POINT II

**RESTORING THE DOCKET TO CALENDAR WILL EFFECTUATE THE PURPOSE OF RULE 15(a) AND PROMOTE JUDICIAL ECONOMY**

"The purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *accord S.S.*

*Silberblatt, Inc. v. East Harlem Pilot Block--Building*, 608 F.2d 28, 43 (2d Cir. 1979) (the policy of Rule 15(a) favors permitting the parties to obtain an adjudication of the merits); *Magee v. Paul Revere Life Insurance Co.*, 172 F.R.D. 647, 649 (E.D.N.Y. 1997) (amendment under Rule 15(a) reflects "public policy favoring the efficient resolution of disputes on their full merits").

Rule 15(a)(1)(B) permits a plaintiff to amend the initial complaint "as a matter of course." Fed.R.Civ.P. 15(a)(1)(B); *Azkour v. Haouzi*, No. 11-cv-5780 (RJS(KNF), 2012 WL 1681438, *2 (S.D.N.Y. April 25, 2012). Further, "[i]t is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (citation omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 C. WRIGHT A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1476, at 636–37 (2010).

Rule 15(b)(2) of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend its pleading only with … the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading should be "freely given when justice so requires." *Id.* "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher–Price, Inc.*, No. 3:03–CV–222 (JBA), 2004 WL 2381719, at *2 (D.Conn. Sept. 30, 2004) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). It is the "rare" case in which such leave should be denied. *Id.*; *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

Here, Rule 15(a)(1)(B) permits Plaintiff to amend his pleading "as a matter of course" in

order to cure the defect in the initial pleading. Since Defendant filed its motion to dismiss on August 7, 2017, Plaintiff has until August 28, 2017 to file an amended pleading so as to cure a technical defect by adding the "VA number" obtained from the U.S. Copyright Office. Even if this motion were analyzed under Rule 15(b)(2), the Court should grant Plaintiff leave to amend the pleading because such leave should be "freely given when justice so requires."

Since allowing Plaintiff to amend the pleading is consistent with the purpose of Rule 15(a) and conforms with judicial precedent in this district which, for purposes of judicial economy, permits amendments to the pleading where the copyright application was pending at the time suit was initiated, *see, e.g.*, *Laine v. Pride*, No. 09 Civ. 3057, 2010 WL 199927, at *4–5 (S.D.N.Y. Jan. 19, 2010); *J. Racenstein & Co., Inc. v. Wallace*, No. 96 Civ. 9222, 1997 WL 605107, at *1 (S.D.N.Y. Oct.1, 1997); *Demetriades v. Kaufmann*, 680 F.Supp. 658, 661–62 (S.D.N.Y. 1988). Because the copyright application was pending at the time suit was initiated, the Court should grant Plaintiff's requested relief and restore the docket to calendar.

## POINT III

**THE COURT'S GRANTING OF THIS MOTION WILL NOT PREJUDICE DEFENDANT; HOWEVER, DENIAL OF THIS MOTION WILL PREJUDICE PLAINTIFF**

"[T]he prejudice to the opposing party resulting from a proposed amendment [i]s among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (alteration in original) (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856).

Here, Defendant suffers no prejudice whatsoever if the Court grants the relief requested and directs the Clerk of Court to restore this case to calendar. Whether Plaintiff re-files the exact same claims as part of a separate action, or amends the initial complaint in this action, Defendant will be required to respond on the merits either way. Conversely, Plaintiff will suffer prejudice if the Court denies the requested relief because the initial filing fee of $400 will be forfeited and the resolution of this matter will be delayed by 3-4 months.

## **CONCLUSION**

Based on the foregoing reasons, and in the further interests of justice, Plaintiff respectfully requests that the Court grant this motion for reconsideration or reargument, vacate its Order of dismissal, dated August 9, 2017, and direct the Clerk of Court to restore this case to calendar so as to permit the parties to proceed on the merits.

RESPECTFULLY SUBMITTED,

**/richardliebowitz/**
Richard Liebowitz, Esq.
Liebowitz Law Group PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Lukasz Rudowski*